UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| FOSS MARITIME COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CORVUS ENERGY LIMITED,<br><br>　　　　　　　　　　Defendant. | IN ADMIRALTY<br><br>Case No. 2:14-cv-01243<br><br>**COMPLAINT** |

Plaintiff Foss Maritime Company ("Foss") alleges as follows against Defendant Corvus Energy Limited ("Corvus"):

## I.　PARTIES

1.　Foss is a Washington company that has its principal place of business in Seattle, Washington.

2.　Corvus is a British Columbia, Canada, company having its principal place of business in Richmond, British Columbia.

## II.　JURISDICTION AND VENUE

3.　This Court has subject matter jurisdiction over this admiralty action for breach of a maritime contract and tort under 28 U.S.C. § 1333(1).

4.　The claims presented against Corvus in this action are admiralty or maritime claims within the meaning of Fed. R. Civ. P. 9(h).

Case No.: 2:14-CV-01243
COMPLAINT - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

5. Venue is proper in the U.S. District Court for the Western District of Washington at Seattle because Foss has its principal place of business in Seattle, Washington.

### III. STATEMENT OF FACTS

6. At all material times, Foss was the owner and operator of the tugboat CAMPBELL FOSS.

7. At all material times, Corvus was engaged in the design and installation of hybrid power systems and in the design and manufacture of lithium ion polymer batteries to support those systems.

8. In 2010, Foss solicited a quote from Corvus for retrofitting the tug CAMPBELL FOSS with a hybrid power system.

9. In 2010, Foss accepted Corvus's quote and the parties entered into a contract for Corvus to design, build, and install a hybrid power system on the CAMPBELL FOSS that utilized Corvus's control systems, equipment and batteries.

10. In late 2011 and/or early 2012, Corvus installed the hybrid power system that included specific Corvus power control systems, equipment, and batteries.

11. Pursuant to the terms of the contract between Corvus and Foss, the Corvus power control systems and equipment were supposed to regulate the amount of energy flowing to the Corvus batteries in order to ensure the batteries were properly charged and did not overcharge. Overcharging the batteries could result in a battery failure.

12. The Corvus power control systems and equipment and Corvus batteries contained design and manufacturing defects that resulted in their catastrophic failure.

13. On August 20, 2012, during routine operation the Corvus power control systems, equipment, and batteries failed, starting a fire in the battery compartment of the CAMPBELL FOSS.

Case No.: 2:14-CV-01243
COMPLAINT - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

14. The failure of the Corvus power control systems, equipment, and batteries released flammable gas and electricity that started a fire in the battery compartment of the CAMPBELL FOSS. The fire quickly spread to the vessel's engine room and other compartments, causing extensive damage to the CAMPBELL FOSS and its appurtenances as well as extensive economic loss to Foss.

## IV.   CAUSES OF ACTION

### A.   First Cause of Action: Breach of Maritime Contract

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16. Corvus is in the business of designing, manufacturing, and installing hybrid power systems.

17. In 2010, Corvus and Foss entered a maritime contract whereby Corvus would design, build, and install a hybrid power system onboard the CAMPBELL FOSS that utilized Corvus's control systems, equipment and batteries.

18. Corvus knew that Foss relied on Corvus's expertise in the field of hybrid technology and power systems to design, build, and manufacture control systems, equipment, and batteries that were safe to install and operate onboard the CAMPBELL FOSS in a maritime environment. Corvus also knew that Foss would rely upon Corvus's expertise to ensure that those systems, equipment, and batteries would not critically fail or cause a hazardous condition on the tugboat while assisting large ships into and out of port.

19. The hybrid power system that utilized Corvus's control systems, equipment, and batteries was installed on the CAMPBELL FOSS to retrofit the tug to hybrid power to reduce carbon emissions.

20. On August 20, 2012, a fire occurred onboard the CAMPBELL FOSS causing extensive damage to the vessel and economic loss to Foss.

Case No.: 2:14-CV-01243
COMPLAINT - 3

21. An investigation team, of which representatives from Corvus were a critical part, concluded that the fire was caused by the failure of Corvus's power control systems, equipment, and batteries.

22. Corvus breached its contract by providing products that were defective.

23. The defective products supplied by Corvus caused the fire aboard the CAMPBELL FOSS that resulted in significant damage to the boat and economic loss to Foss.

24. The contract that Corvus breached includes an indemnity clause that specifies Corvus will indemnify Foss for its damages and losses, including attorneys' fees, arising from Corvus's breach of its obligations and warranties.

**B.   Second Cause of Action:  Breach of Manufacturer's Warranty**

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. Corvus designs and manufactures lithium ion polymer batteries for use in hybrid power systems.

27. Corvus contracted with Foss to supply batteries for use in the retrofit of the CAMPBELL FOSS to include a hybrid power system.

28. In its contract with Foss, Corvus expressly warranted that its batteries were free of defects in workmanship and material:

> Corvus Energy Limited (the company) warrants that the batteries sold by it or its agents as free of defects in workmanship and material at the time they are shipped from the Companies (sic) factory.

29. On August 20, 2012, the Corvus batteries failed releasing flammable gas that ignited and caused a fire onboard the CAMPBELL FOSS.

30. Corvus is liable for breach of its manufacturer's warranty due to defects in the batteries that caused their failure and destruction.

Case No.:  2:14-CV-01243
COMPLAINT - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

### C. Third Cause of Action: Negligence

31. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. Corvus owed a duty of reasonable care to Foss to properly design and manufacture hybrid control systems, equipment, and batteries that are reasonably safe, as designed and manufactured, to operate in their intended installation and environment onboard the CAMPBELL FOSS.

33. Corvus breached its duty by negligently providing a hybrid control system, equipment, and batteries that failed to operate correctly, overcharged the lithium polymer batteries, released flammable gas, and caused a fire damaging the CAMPBELL FOSS.

34. The investigation team concluded that the fire and resulting damage were directly caused by the failure of Corvus's power control systems, equipment, and batteries.

35. As a result of Corvus' negligence, the Corvus power control systems, equipment, and batteries failed, causing a fire aboard the CAMPBELL FOSS, severely damaging the vessel and its appurtenances and causing Foss to incur economic losses.

### D. Fourth Cause of Action: Product Liability

36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. Corvus owed a duty to Foss to properly design and manufacture hybrid control systems, equipment, and batteries that are reasonably safe, as designed and manufactured, to operate in their intended installation and environment onboard the CAMPBELL FOSS.

38. Corvus breached that duty because the Corvus control system, equipment, and batteries were not reasonably safe as designed and manufactured

Case No.: 2:14-CV-01243
COMPLAINT - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

and because Corvus failed to provide adequate warnings and instruction once Foss raised questions with Corvus concerning the system.

39. The Corvus control system, equipment, and batteries failed, causing a fire onboard the CAMPBELL FOSS. Those failures included, but were not limited to, failure of the control system to open the electrical circuit that sent current to the batteries even after the batteries faulted. That failure caused the batteries to fail, expel flammable gas, and start the fire, resulting in damage to the vessel and economic loss to Foss.

40. The likelihood that a failure of the control system, equipment, and batteries would cause a fire that endangered the entire vessel and crew onboard outweighed any burden involved in designing the products so as to prevent those harms and also outweighed any adverse effects an alternative design would have had on the usefulness of the product.

41. Corvus also failed to provide adequate warnings or instructions for its products to Foss after Corvus learned that its hybrid system was experiencing faults, abnormal conditions, and triggering alarms aboard the CAMPBELL FOSS.

42. Prior to the fire the hybrid system experienced faults which set off critical alarms within the alarm and monitoring system.

43. Foss reported the faults and alarms to Corvus. In June 2012, Corvus emailed a response to Foss that there was no reason to believe that the alarms were "anything more than a nuisance" and that Foss should not "worry about anything."

44. After Corvus learned of the faults and alarms, Corvus failed to exercise reasonable care to adequately warn Foss of the danger presented by the products. Specifically, Corvus failed to warn Foss that the failures its products were experiencing created an unsafe condition that could result in a fire aboard the vessel.

Case No.: 2:14-CV-01243
COMPLAINT - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

## V. PRAYER FOR RELIEF

WHEREFORE, Foss respectfully requests the following relief:

A. Judgment against Corvus for all damages caused by its conduct as alleged above plus prejudgment interest, court costs, and attorneys' fees;

B. Declaratory judgment to the effect that Corvus is obligated to indemnify, save harmless, and defend Foss as to all damages, costs and expenses incurred, including attorneys' fees, and any sort of claim asserted against Foss as well as any liability it may have to any third party as a result of Corvus's conduct, including without limitation any liability with respect to any oil or other pollutants that entered the water due to the fire on the tug CAMPBELL FOSS; and

C. Other relief this Court deems just and proper.

DATED this 13th day of August, 2014.

/s/ Philip R. Lempriere
/s/ Jensen S. Mauseth
Philip R. Lempriere, WSBA No. 20304
Jensen S. Mauseth, WSBA No. 45546
ATTORNEYS FOR PLAINTIFF
FOSS MARITIME COMPANY
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 622-3790
Facsimile: (206) 343-9529
Email: *philip.lempriere@kyl.com*
*jensen.mauseth@kyl.com*

KYL_SE95003.v3

Case No.: 2:14-CV-01243
COMPLAINT - 7