1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   FOSS MARITIME COMPANY,                    CASE NO. C14-1243 MJP

11                         Plaintiff,          ORDER GRANTING MOTION FOR
                                               SUMMARY JUDGMENT
12        v.

13   CORVUS ENERGY LIMITED, et al.

14                         Defendants.

15

16        THIS MATTER comes before the Court on Third-Party Defendant 1169997 Ontario, Ltd.

17   d/b/a Aspin Kemp & Associates' ("AKA") Motion for Summary Judgment.  (Dkt. No. 35.)

18   Having reviewed the motion, Third-Party Plaintiff Corvus Energy Limited's ("Corvus")

19   response, (Dkt. No. 41), and the related record, the Court hereby GRANTS the motion.  Corvus'

20   pending motion to compel, (Dkt. No. 51), is DENIED as moot.

21                                    **Background**

22        In December 2010, Plaintiff Foss Maritime Company ("Foss") and AKA entered into a

23   contract for a hybrid power and propulsion system for the Foss tugboat CAMPBELL FOSS.

24

1  (Dkt. No. 36-1, 36-2.)  Foss contracted with Corvus for a battery system aboard the tugboat.

2  (Dkt. No. 28 at 2–3.)

3  On August 20, 2012, during a routine operation, a fire occurred in the battery

4  compartment of the CAMPBELL FOSS.  (Id. at 6.)  A later investigation of the fire by a team

5  selected with membership representing Foss, Corvus, AKA and the Coast Guard identified fault

6  attributable to both Corvus and AKA.  (Dkt. No. 36-5.)

7  On August 13, 2014, Foss commenced this suit against Corvus, asserting claims of

8  breach of maritime contract, breach of manufacturer's warranty, negligence, and product

9  liability.  (Dkt. No. 1.)  Corvus filed a third-party complaint for indemnification or contribution

10  against AKA.  (Dkt. No. 10.)  Foss then filed an amended complaint asserting additional claims

11  against Corvus and asserting claims directly against AKA.  (Dkt. No. 28.)

12  Foss and AKA settled the claims asserted by Foss against AKA.  (Dkt. No. 36-8.)

13  Corvus then also settled with Foss.  (Dkt. No. 41 at 2.)  AKA now moves for summary judgment

14  on Corvus' indemnification/contribution claims on the grounds that Corvus cannot maintain a

15  cause of action against AKA.  (Dkt. No. 35.)  Corvus opposes the motion.  (Dkt. No. 41.)

16  **Discussion**

17  **I.      Motion for Summary Judgment**

18  **A.  Legal Standard**

19  Summary judgment is not warranted if a material issue of fact exists for trial.  Warren v.

20  City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The

21  underlying facts are viewed in the light most favorable to the party opposing the motion.

22  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary

23  judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for

24  the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party

moving for summary judgment has the burden to show initially the absence of a genuine issue

concerning any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  Once the

moving party has met its initial burden, however, the burden shifts to the nonmoving party to

establish the existence of an issue of fact regarding an element essential to that party's case, and

on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317,

323-24 (1986).

### B.  AKA's Motion for Summary Judgment

Corvus is not entitled to contribution from AKA.  In McDermott, Inc. v. AmClyde, 511

U.S. 202, 217 (1994), the Supreme Court adopted the proportionate share rule as the proper

method to calculate liability for nonsettling defendants in admiralty tort cases.  In that case, the

Supreme Court further held "no suits for contribution from the settling defendants are permitted,

nor are they necessary," because the nonsettling defendants will pay no more than their share of

the judgment.  Id. at 209; see also Boca Grande Club v. Fla. Power & Light Co., 511 U.S. 222,

222 (1994) (under general maritime law, contribution actions against settling parties are barred).

Here, the settlement between AKA and Foss forecloses any claim by Corvus against AKA for

contribution.

There are three types of indemnity in admiralty law: (1) Ryan indemnity, based upon the

relationship between the parties; (2) tort indemnity; and (3) contract indemnity.  Thomas J.

Schoenbaum, Admiralty and Maritime Law §5-19 (5th ed. 2011).  Because there is no contract

between AKA and Corvus, contract indemnity does not apply in this case.

In Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 133 (1956), the

Supreme Court created an implied warranty of workmanlike performance in every contract

between a maritime contractor and shipowner.  The shipowner could receive indemnification

from the contractor for injuries to the longshoreman which were a result of the contractor's

breach of warranty.  Id.  However, the Ninth Circuit has not extended Ryan indemnity outside of

the context in which it was created.  See Cape Caution, Inc. v. Port of Grays Harbor, No. C09-

5041-RBL, 2010 WL 55854, at *2 (W.D. Wash. Jan. 5, 2010) ("Within this Circuit, application

of Ryan indemnity has not been extended beyond personal injury claims.")  Therefore, Ryan

indemnity does not apply in this case.  Indeed, Corvus appears to concede that Ryan indemnity

and contract indemnity do not apply, and argues, instead, that it has a viable claim against AKA

based on a theory of tort indemnity.  (Dkt. No. 41 at 9.)

"Tort indemnity . . . is a doctrine that was developed by the courts to allow the total loss

to be allocated to one tortfeasor in a joint liability situation where the negligence or fault of one

tortfeasor was much greater compared to the fault of the other."  Admiralty and Maritime Law

§5-19.  The continuing validity of tort indemnity is questionable in light of AmClyde.  See e.g.

Cargill Ferrous Int'l Div. of Cargill, Inc. v. M/V PRINCESS MARGHERITA, No. CIV. A. 98-

3825, 2001 WL 1426678, at *1 (E.D. La. Nov. 13, 2001) ("Although AmClyde did not

specifically discuss actions for tort indemnity, it is clear that the analysis is applicable to such a

claim.")  Courts that recognize its validity do so where a non-negligent or vicariously liable

tortfeasor is entitled to indemnity from a person who is guilty of actual fault.  See e.g.  Marathon

Pipe Line Co. v. Drilling Rig ROWAN/ODESSA, 761 F.2d 229, 236 (5th Cir. 1985).

Corvus argues tort indemnity applies in this case because it was non-negligent.  (Dkt. No.

41 at 9–10) (citing Marathon Pipe Line, 761 F.2d at 236.)  In Marathon Pipe Line, the Fifth

Circuit Court of Appeals held the user of a defective product which injures a plaintiff has an

indemnification claim against the manufacturer of the product.  761 F.2d at 236.  The Fifth

Circuit clarified in a later decision that "'non-negligent tortfeasor,' as used in Marathon Pipeline,

applies only to those defendants on which the law imposes responsibility even though they

1    committed no negligent acts." <u>Hardy v. Gulf Oil Corp.</u>, 949 F.2d 826, 833 (5th Cir. 1992).

2    Corvus is not this type of defendant.  Corvus is an ordinary defendant; its liability, if any, arises

3    from its own negligence.  As such, Corvus is "adequately protected under the comparative

4    negligence system" and has no need for tort indemnity.  <u>Id.</u> 833–34.  If Corvus had not settled

5    with Foss and this case had proceeded to trial, Corvus would be liable to Foss for damages based

6    on its own percentage of fault, if any.  If the trier of fact determined Corvus was not negligent,

7    then Corvus would not owe Foss damages and would have no need to pursue an indemnity action

8    against AKA.  <u>Id.</u>

9         Moreover, the right to indemnification arises where the indemnitee satisfies a joint

10   obligation.  <u>See</u> Restatement (Third) of Torts §22 cmt. b.  Here, that is not the case.  AKA has

11   settled the claims against it directly with Foss.  (Dkt. No. 36-8.)  The settlement agreement

12   between AKA and Foss provides: "Plaintiff/Owner presently has claims pending against Corvus,

13   as outlined in the amended complaint.  Plaintiff/Owner is not seeking to recover in those claims

14   for liabilities arising from the actions or inaction of Defendant/Contractor."  (<u>Id.</u>)  Corvus then

15   settled with Foss based on its potential liability to Foss.  Corvus cannot now demand

16   indemnification from AKA by claiming it had no fault.  Corvus does not have a viable

17   indemnification claim against AKA based on a theory of tort indemnity.  Accordingly, the Court

18   GRANTS AKA's motion for summary judgment.

19                                        <u>**Conclusion**</u>

20        The Court GRANTS AKA's motion for summary judgment, (Dkt. No. 35), and DENIES

21   Corvus' pending motion to compel, (Dkt. No. 51), as moot.

22   //

23   //

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 5

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated this 28th day of October, 2015.

3

4

5                                              Marsha J. Pechman
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 6